# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 5:97–CR–30024–1 |
| v. | MEMORANDUM OPINION |
| TODD ANDREW HERBERT<br>*Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the court upon Defendant Todd Andrew Herbert's *pro se* motion to amend/correct pre-sentence report and judgment. *See* Docket No. 243. Herbert challenges two aspects of his sentence. First, he argues that his juvenile record should not have been included in the determination of his criminal history category. Second, he requests that his time served in New York state custody be credited against his federal sentence as a "related" offense.

The court rejects Herbert's first claim, as there was no error in considering his West Virginia juvenile record in determining his criminal history category. The court has no jurisdiction to amend Herbert's sentence, and therefore cannot credit his time spent in state custody against his federal sentence. Accordingly, Herbert's motion to amend/correct will be denied.

## I. BACKGROUND

On September 25, 1997, Herbert was named, along with nine other defendants, in a federal five count indictment charging conspiracy to distribute cocaine base. Herbert was found guilty on January 15, 1998, and was sentenced to life imprisonment on July 10, 1998. Herbert's criminal history was increased two points as a result of Herbert's juvenile conviction in West Virginia for possession of cocaine.

1

Herbert's sentence of life imprisonment was subsequently reduced pursuant to 18 U.S.C. § 3582(c)(2). In 2011, Herbert's sentence of life imprisonment was reduced to 360 months imprisonment. In 2015, Herbert's sentence of 360 months was reduced to 324 months imprisonment.

## II.   USE OF JUVENILE RECORD IN COMPUTING SENTENCE

At sentencing, the court attributed Herbert with two criminal history points, which under U.S.S.G. Chapter 5, Part A, equaled a Criminal History Category of II. The two points resulted from a West Virginia state juvenile conviction for possession of cocaine. Herbert argues that considering his juvenile offense was error, because "under West Virginia Code § 49-5-18(e), sealing of juvenile records has the legal affect [sic] of extinguishing the offense as if it never occurred."[1] Docket No. 243, at 1. This view is, however, mistaken.

### A.   APPLICABLE FEDERAL LAW

The United States Sentencing Guidelines ("Guidelines") provide that juvenile offenses may be considered when calculating criminal history points. Two points are added to a defendant's criminal history point total for each "juvenile sentence [an offense committed prior to age eighteen] to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." U.S.S.G. § 4A1.2(d)(2)(A).

The Fourth Circuit has affirmed the constitutionality of U.S.S.G. § 4.A1.2(d)(2)(A). *See United States v. Inglesi*, 988 F.2d 500, 503 (4th Cir. 1993) ("[W]e find no equal protection/due process violation in the use of [the defendant's] [state] juvenile records in determining his criminal history for sentencing purposes pursuant to Guidelines § 4A1.2(d)".).

In *Inglesi*, the defendant argued that the district court violated his due process rights

---
[1] W. Va. Code 49-5-18(e) has since been re-codified as W. Va. Code § 49-5-104.
2

Case 5:97-cr-30024-NKM   Document 245   Filed 06/21/16   Page 2 of 6   Pageid#: 155

when it "incorporated in its sentencing a due process violation committed by the State of Ohio when it failed to perform a statutory duty to seal the juvenile record . . . ." *Inglesi*, 988 F.2d at 502. The Fourth Circuit reasoned, however, that "[a] mere violation of state law, standing alone, does not violate the United States Constitution . . . ." *Id.* While due process may be violated in sentencing "by the use of inaccurate information," because no inaccuracy was shown, the violation alleged did not violate due process. *Id.*

B. DISCUSSION

The West Virginia code provides that juvenile records "shall be physically marked to show that they are to remain confidential . . . ." W. Va. Code § 49-5-104(c). Moreover, "[m]arking the juvenile records to show they are to remain confidential has the legal effect of extinguishing the offense as if it never occurred." *Id.* at § 49-5-104(d). Herbert argues, therefore, that his juvenile record should have been expunged and not considered by this court in sentencing.

Herbert ignores, however, another provision of West Virginia law, which provides that:

Notwithstanding *any other provision of this code*, juvenile records shall be disclosed, or copies made available, in response to any lawfully issued subpoena from a federal court or federal agency.

W. Va. Code § 49-5-103(d)(7) (emphasis added). Accordingly, although a juvenile record might, after being sealed, become expunged for the purpose of West Virginia law, the Code contemplates that such a conviction may be disclosed and used by federal court.

Even if this court accepted Herbert's reading of the West Virginia code, and thereby "effectively incorporated in its sentencing a due process violation committed by the State of [West Virginia]," *Inglesi*, 988 F.2d at 502, the Fourth Circuit has held that "[a] mere violation of state law, standing alone, does not violate the United States Constitution." *Id.* Like in *Inglesi*,

3

Herbert "had ample opportunity to challenge the presentence report's representation of his juvenile record," but failed to do so. *Id.* Moreover, Herbert's "challenge is essentially to the information's use." *Id.* He has not challenged the accuracy of his juvenile conviction. Accordingly, there was no due process violation in the use of Herbert's West Virginia juvenile records in determining his criminal history category.

### III. TIME SERVED IN STATE PRISON CREDITED AS "RELATED" TIME

"The law closely guards the finality of criminal sentences against judicial 'change of heart.'" *United States v. Goodwin*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)). A district court may change a sentence after it has been imposed only (1) upon motion of the Director of Bureau of Prisons if extraordinary and compelling reasons warrant a reduction or other very limited circumstances apply; (2) under Federal Rule of Criminal Procedure 35, which permits a court to correct a clear error within fourteen days of sentencing; or (3) where a defendant is sentenced to a term of imprisonment that is subsequently lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c).

As is relevant here, Title 18, Section 3582 prohibits a court from modifying a term of imprisonment unless:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons . . . [and] after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . . for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . .

18 U.S.C. § 3582(c)(1)(A)(i)–(ii).

4

The Director of the Bureau of Prisons ("BOP") has not made a motion pursuant to 18 U.S.C. § 3582(c)(1)(A). Where the Director of the BOP has not made a motion for a reduction in sentence, district courts lack jurisdiction to grant a petitioner relief. *See, e.g.*, *Rabb v. Wilson*, No. 1:13cv999, 2015 WL 731475, at *7 (E.D. Va. Feb. 19, 2015) ("As the Director of the BOP has not made such a motion on petitioner's behalf, there is no jurisdiction to consider the petitioner's request."); *United States v. Venancio-Dominguez*, 660 F. Supp. 2d 717, 719 (E.D. Va. 2009) ("The Director of the Bureau of Prisons did not file a motion, and therefore, the defendant's reliance upon this statute as a basis for relief is misplaced.").[2] Accordingly, the Court lacks jurisdiction to amend Herbert's sentence.

The Court will observe, however, that Herbert's Presentence Report concluded that Herbert's state offense was "related" to his federal charges. Moreover, the United States Probation Office agrees that Herbert's state offense is "related" to his federal offense. The Probation Office has also confirmed that Herbert served two years in New York custody on the related offense, and accordingly agrees that Herbert should be credited the two years on the related offense to Herbert's sentence. The Court makes no determination whether the BOP, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)'s "extraordinary and compelling reasons" clause, could make a motion to reduce Herbert's sentence by twenty four months. The Court also refers Herbert to the President's clemency power, which "is deeply rooted in our Anglo-American tradition of law, and is the historic remedy for preventing miscarriages of justice where judicial process has been exhausted." *Harbison v. Bell*, 129 S. Ct. 1481, 1490 (2009).

---

[2] Indeed, three other circuits have held that Section 3582's predecessor statute gives the BOP unreviewable discretion in its decision to move a court for a sentence reduction. *See Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991); *Simmons v. Christensen*, 894 F.2d 1041, 1042–43 (9th Cir. 1990); *Turner v. United States Parole Com'n*, 810 F.2d 612, 615 (7th Cir. 1987).

5

## IV. CONCLUSION

In sum, Herbert's West Virginia juvenile record was properly considered in determining Herbert's criminal history category. Second, the Court lacks jurisdiction to amend Herbert's sentence to credit him with the two years he spent in New York state custody. Accordingly, Herbert's motion to amend/correct (docket no. 243) will be denied.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to the *pro se* Defendant, all counsel of record, and the Bureau of Prisons.

Entered this 21st day of June, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE