CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
06/28/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> TODD HERBERT, <br> *Defendant*. | CASE NO. 5:97-cr-30024 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

Defendant Todd Herbert ("Defendant") has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 249). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

An initial indictment was filed against Defendant on March 27, 1997. (Dkt. 1). First and second superseding indictments were filed on June 13, 1997 and September 25, 1997 respectively. (Dkts. 21, 48). The second superseding indictment charged Defendant with conspiracy to distribute cocaine base in violation of 21 U.S.C. 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (Dkt. 250). On January 15, 1998, a jury found him guilty of that charge. (Dkt. 116). Pursuant to the then mandatory guidelines, Defendant was sentenced to life imprisonment. Defendant later filed a motion to reduce his sentence pursuant to Amendment 750, this motion was granted and his sentence was reduced to a term of 360 months. (Dkt. 239). Defendant then filed a motion to reduce his sentence pursuant to Amendment 782, this motion was also granted and Defendant's sentence was reduced to 324 months. (Dkt. 242). Defendant filed the instant motion pursuant to the newly enacted First Step Act in February 2019. (Dkt. 249).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act

1

of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010) [1]

The parties agree that Defendant's offense of conviction was a violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), that the offense was committed before August 3, 2010, and that the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) was increased from 50 grams to 280 grams. *Id*.

Despite agreement as to these facts, the Government argues that Defendant is not eligible for a reduction pursuant to the First Step Act because the pre-sentencing report ("PSR") states that the offense involved a drug quantity over the revised threshold. (Dkt. 255). In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Alleyne v. United States*, 570 U.S. 99, (2013), 108 the Court expounded upon that rule, holding that "facts that increase the mandatory minimum sentence are [] elements and must be submitted to the jury and found beyond a reasonable doubt." Here "the jury found [Defendant] 'guilty beyond a reasonable doubt of knowingly conspiring to distribute or possess with the intent to distribute more than fifty (50) grams of a mixture of substance containing cocaine base.'" (Dkt. 256 1–2 (quoting dkt. 155)). Nevertheless, the Government argues, based on Defendant's PSR, that Defendant's conviction involved a drug quantity above 280 grams, thus he is properly subjected to the revised mandatory minimums set forth in 21 U.S.C. § 841(b)(1)(A).

The Government contends that the *Apprendi/Alleyne* doctrine does not apply in the First Step context because neither case is retroactively applicable on collateral review. (Dkt. 255 (citing *United States v. Sanders*, 247 F.3d 139, 150-51 (4th Cir. 2001)). While the Government is correct that the *Apprendi/Alleyne* doctrine cannot be applied retroactively to afford relief on collateral review, individuals are eligible for relief under the First Step Act where they were

3

convicted of a "covered offense" as defined by Section 404 of the First Step Act. Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). Accordingly, the Court will consider the crime of conviction not the conduct reported in the PSR. In doing so, this Court joins others in this district finding the holdings of *Apprendi* and *Alleyne* applicable in the First Step context. *See, e.g., United States v. Ancrum*, No. 2-30020, 2019 WL 2110589 (W.D. Va. May 14, 2019) (J. Urbanski) ("although *Apprendi* and *Alleyne* are not retroactively applicable on collateral review, this court joins other courts in finding that their holdings are applicable in the context of the First Step Act") (collecting cases).

Finding relief consistent with the First Step Act, the Court next "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon*, 560 U.S. at 826. The Government argues that the Court should exercise its discretion in denying relief for two reasons: (1) relief should be denied based on the drug weight reported in the PSR and "the fact that [Defendant] would remain subject to the higher penalties if he had been prosecuted after the enactment of the Fair Sentencing Act, (dkt. 255 at 9), and (2) relief would provide Defendant with an unfair windfall as compared to defendants sentenced after the enactment of the Fair Sentencing Act, but before *Alleyne*. This Court does not find either argument persuasive.

The first argument is based on the hypothetical prosecution of Defendant today. As noted in *United States v. Stanback*, No. 5:02-cr-30020, 2019 WL 1976445, *4 (W.D. Va. May 2, 2019), "[w]hile it is possible that the government would have proceeded against [the defendant] under 18 U.S.C. §841(b)(1)(A), it also is possible that it would not . . . The retroactive assumption suggested by the government simply is too speculative a basis on which to determine" the eligibility or extent of Defendant's relief. As for the Government's second

4

argument, this Court has already stated that it will consider the sentence a defendant would receive if he "was sentenced under *current* law." *United States v. Lewis*, No. 3:08-cr-39 (W.D. Va. May 8, 2019) (emphasis added). The Government suggests that Defendant should be sentenced as he would have been prior to the decision in *Alleyne*. However, this Court is informed by the *current* constitutional precedent and will make a determination in accordance with those principles. *Stanback*, 2019 WL 1976445 at *4 ("While the court is aware of the need for consistent sentences among defendants, it is not free to ignore either the law or constitutional precedent.").

Defendant's initial, mandatory sentencing guideline range was life. (Dkt. 250). The Court has taken each opportunity to reduce Defendant's sentence to the bottom end of his adjusted guideline range, resulting in his current sentence of 324 months. (Dkt. 251). The Court has been advised that Defendant's projected release date is June 20, 2022, and, as of March 4, 2019, he had served approximately 243 months of his sentence. (*Id.*).

After consideration of the § 3553(a) factors, including the history and characteristics of Defendant, as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence is appropriate. Specifically, the Court notes that Defendant was not previously credited for the twenty four months he served in New York state custody on a related offense. (Dkt. 249). This Court found that Defendant's PSR "concluded that [his] state offense was 'related' to his federal charges", that the United States Probation Office agreed that Defendant's state offense is related to his federal offense, and "[t]he Probation Office has also confirmed that [Defendant] served two years in New York custody on the related offense." (Dkt. 245 at 5). If Defendant were sentenced today he would likely be sentenced to the low end of the guideline range, 324 months' imprisonment, and fairness demands this Court take into

consideration his time served but not previously credited. Thus, Defendant's sentence will be reduced to 300 months, but not less than time served. His sentence will be followed by a term of supervised release of 4 years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 28th day of June 2019.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE